***********
The undersigned have reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Holmes. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Holmes with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. At the time of the alleged injury by accident, the Parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The Employer/Employee relationship existed between the Parties on the date of injury on a full-time permanent basis.
3. The date of alleged injury to Plaintiff/Employee is on or about June 21, 1999.
4. Plaintiff/Employee's average weekly wage is $526.60.
5. The medical reports may be accepted as substantive evidence in this case as to what the doctors would testify to under oath if they were present and examined at this hearing.
6. The Plaintiff/Employee is no longer employed by Defendant/Employer.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff worked for the Defendant-Employer as a Corporal with the Airport Authority Police Department. Plaintiff voluntarily resigned her employment on June 22, 2000 and her last day of employment with Defendant-Employer was July 6, 2000.
2. Plaintiff alleges that on or about June 21, 1999, she sustained an injury by accident as a result of exposure to an unknown substance at her place of employment. Plaintiff specifically alleges that her bacterial vaginosis, urinary tract infections and ultimate hysterectomy were all caused by her alleged exposure that occurred in the employee lounge at the Defendant-Employer.
3. Plaintiff could not identify the substance that allegedly caused her condition. An investigation performed by the Defendant-Employer failed to reveal any toxic substances in the ladies employee lounge. In addition, the cleaning supplies used by the cleaning staff were OSHA inspected, extremely safe, and hypoallergenic. The toilet paper used was also the same type and brand that was used throughout the airport.
4. Dr. Kirsta L. Craig treated Plaintiff after her alleged exposure. No doctor advised Plaintiff that her conditions were work related. Dr. Craig recorded that she first evaluated the Plaintiff in July 1999 for complaints of vaginal irritation. Plaintiff was diagnosed with bacterial vaginosis and given Cleocin vaginal lotion. Dr. Craig did not indicate in her notes that this diagnosis or any diagnosis was related to the alleged exposure. Plaintiff was told to wear cotton underwear, double rinse her underwear and call the doctor if symptoms persisted, which she never did. The Plaintiff did not return to Dr. Craig until November 5, 1999 at which time she made no mention of the earlier vaginosis. In July 2000, Dr. Craig began to treat Plaintiff for chronic feminine problems that ultimately led to her hysterectomy. Dr. Michele DiLauro performed a hysterectomy on the Plaintiff in 2002. Throughout the course of this treatment, neither Dr. Craig nor Dr. DiLauro related Plaintiff's chronic feminine conditions to the earlier vaginosis or her alleged toxic exposure at work.
5. Plaintiff continued to work after her alleged exposure until July 2000 with the Defendant-Employer. No doctor ever advised her to stay out of work and no doctor advised her to stop working at the Defendant-Employer in July 2000. When the Plaintiff resigned from the Defendant-Employer in July 2000, she went to work for UNC Greensboro Campus Police for approximately 3 months. Again, no doctor advised her to stop working at that position. As of May 2003, the Plaintiff has returned to work at an office supply company answering the telephone.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the undersigned makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain compensable injury by accident while working for Defendant on or about June 21, 1999. N.C. Gen. Stat. § 97-2(6).
2. Even if Plaintiff could prove a compensable injury by accident, she could not prove any disability and as a result of said injury. N.C. Gen. Stat. § 97-29.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the undersigned enters the following:
 AWARD
1. Plaintiff's claim is hereby DENIED.
2. Each side shall bear its own cost.
This the ___ day of October, 2004.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
PTY:db